# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

MICHAEL ALLEN,
CDCR #H-42389,

Plaintiff,

v.

RALPH DIAZ, Secretary;
DR. THERESA CURRIER-DU;
and NURSE SALGADO,

Defendants.

Case No.: 20-CV-1389 JLS (MDD)

**ORDER: (1) DENYING MOTIONS FOR RECONSIDERATION, FOR APPOINTMENT OF COUNSEL, AND TO EXPEDITE SCREENING; (2) DENYING REQUEST FOR JUDICIAL NOTICE; (3) DISMISSING DEFENDANTS DIAZ AND SALGADO PURSUANT TO §§ 1915(e)(2) AND 1915A; (4) GRANTING MOTIONS FOR LEAVE TO FILE EXCESS PAGES AND ISSUANCE OF SUMMONS; AND (5) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF FIRST AMENDED COMPLAINT ON DEFENDANT DR. CURRIER-DU PURSUANT TO 28 U.S.C. § 1915 AND FEDERAL RULE OF CIVIL PROCEDURE 4(c)(3)**

(ECF Nos. 6, 8, 10, 14, 16, 18, 20)

On July 20, 2020, Plaintiff Michael Allen ("Plaintiff"), a California state prisoner incarcerated at Calipatria State Prison at the time of the relevant events proceeding pro se,

1

filed a civil rights action pursuant to 42 U.S.C. § 1983. *See generally* ECF No. 1 ("Compl."). Plaintiff alleges that his rights under the Eighth Amendment were violated by Defendants Ralph Diaz, Dr. Theresa Currier-Du, and Nurse Salgado when his medication was discontinued for one month in deliberate indifference to his serious medical needs. *See* Compl. at 3–4. Plaintiff further claims his First Amendment rights were violated by Dr. Currier-Du because she discontinued his medication in retaliation for Plaintiff successfully seeking a writ of habeas corpus. *See id.* at 5. Plaintiff also asserts that Defendants have violated his rights under the Americans with Disabilities Act (the "ADA"). *See id.* at 24–25.

On November 6, 2020, the Court granted Plaintiff's Motion to Proceed *in Forma Pauperis* ("IFP") and screened his Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915(b). *See generally* ECF No. 4 (the "Order"). In its Order, the Court found that Plaintiff had failed to state a claim as to Secretary Diaz and Nurse Salgado. As to Dr. Currier-Du, the Court concluded that Plaintiff failed to state a First Amendment retaliation claim or an ADA claim but that Plaintiff did state an Eighth Amendment claim. The Court granted Plaintiff leave to file a First Amended Complaint curing the pleading deficiencies identified in the Order or to file notice of his intent to proceed with respect to his Eighth Amendment claims against Dr. Currier-Du only. *See id.* at 13–14.

On November 4, 2020, however, and just two days before the Court issued its screening Order, Plaintiff submitted an "Amended Complaint" (ECF No. 12) along with a Motion to File Excess Pages (ECF No. 6), a Motion for Appointment of Counsel (ECF No. 8), and a Motion to Expedite Screening (ECF No. 10) to the Clerk of Court for filing. Because his Amended Complaint and accompanying motions were received by the Court via United States Postal Service, Plaintiff's filings were not entered into the Court's docket until November 10, 2020.[1] Meanwhile, this Court's November 6, 2020 Order granting

---

[1] While the Amended Complaint was docketed on November 10, 2020, it was filed *nunc pro tunc* to the date it was stamped received in the postal mail—November 4, 2020. *See* ECF No. 11. Under the "mailbox

Plaintiff's application to proceed IFP and screening the original Complaint was issued. *See* ECF No. 4. On November 19, 2020, after Plaintiff received the Order, he filed a Motion for Reconsideration and a Request for Judicial Notice. *See* ECF Nos. 14 ("Reconsid. Mot."), 16. Plaintiff then filed two Requests for Summons on March 5 and 17, 2021. *See* ECF Nos. 18, 20. For purposes of clarity, the Court will begin with Plaintiff's Motion for Reconsideration of the Order screening his original Complaint. The Court will then address Plaintiff's Amended Complaint and his remaining motions.

## MOTION FOR RECONSIDERATION

Plaintiff seeks reconsideration of this Court's November 6, 2021 Order. *See* Reconsid. Mot. at 2–5. Specifically, Plaintiff objects to the dismissal of his Eighth Amendment claims against Secretary Diaz and Nurse Salgado, his ADA claims against all three Defendants, and his First Amendment retaliation claim against Dr. Currier-Du. *See id.* at 1.

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration. But, where reconsideration of a non-final order is sought, the court has "inherent jurisdiction to modify, alter or revoke it." *United States v. Martin*, 226 F.3d 1042, 1048–49 (9th Cir. 2000). "The authority of district courts to reconsider their own orders before they become final, absent some applicable rule or statute to the contrary, allows them to correct not only simple mistakes, but also decisions based on shifting precedent, rather than waiting for the time-consuming, costly process of appeal." *Id.* at 1049.

Thus, Civil Local Rule 7.1(i) permits motions for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part." S.D. Cal. CivLR 7.1(i)(1). However, the

---

rule," the Court deems the date Plaintiff delivered his complaint to prison authorities for mailing as the date the document was filed. *See Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) ("[T]he *Houston* mailbox rule applies to § 1983 complaints filed by pro se prisoners.") (citing *Houston v. Lack*, 487 U.S. 266, 275–276 (1988)).

party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id*. Civil Local Rule 7.1(i)(2) permits motions for reconsideration within "30 days of the entry of the ruling." S.D. Cal. CivLR 7.1(i)(2).

A motion for reconsideration filed pursuant to a local rule may also be construed as a motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure. *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989). But a district court may grant a Rule 59(e) motion only if it "'is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (citations omitted). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "A motion to reconsider is not another opportunity for the losing party to make its strongest case, reassert arguments, or revamp previously unmeritorious arguments." *Reeder v. Knapik*, 2007 WL 2088402, at *2 (S.D. Cal. July 18, 2007); *see also Campion v. Old Republic Home Protection Co., Inc*., 2011 WL 1935967, at *2 (S.D. Cal. May 20, 2011) ("[R]econsideration may not be used to get a second bite at the apple.").

In its November 6, 2020 Order, the Court concluded that Plaintiff failed to state an Eighth Amendment claim against Secretary Diaz[2] because "vicarious liability is inapplicable to . . . § 1983 suits." Order at 8. The Court noted that Plaintiff failed to allege facts showing Secretary Diaz's "personal involvement in the constitutional deprivation, or . . . a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Keates v. Koile*, 883 F.3d 1228, 1242–43 (9th Cir. 2018).

/ / /

---

[2] Diaz has since retired as Secretary of the California Department of Corrections and Rehabilitation. *See* https://www.cdcr.ca.gov/insidecdcr/2020/08/28/governor-newsom-announces-cdcr-secretary-retirement-names-new-secretary/ (last visited May 14, 2021).

In his Motion for Reconsideration, Plaintiff offers no new or different facts, points to no newly discovered evidence, identifies no clear error, and cites to no intervening change in Eighth Amendment law that alters the Court's initial conclusion. Plaintiff simply points to the same allegations contained in his original Complaint and argues the Court failed to properly consider them when dismissing his claims against Secretary Diaz. *See* Reconsid. Mot. at 2–5. For example, Plaintiff argues Secretary Diaz was "on notice of constitutional violations" because Plaintiff sent Secretary Diaz a letter on June 19, 2019, informing him that Dr. Currier-Du had purportedly made a "fraudulent entry" in Plaintiff's medical file and had threatened to stop Plaintiff's medication. *Id.* at 3–4; *id.* Ex. 1. As discussed in this Court's Order, however, the letter was sent to Secretary Diaz well before Plaintiff was allegedly deprived of his medication on August 11, 2019. Order at 8–9. As such, the Court concluded Plaintiff's allegations were "insufficient to state a claim because there are no facts alleged that show a 'causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Id.* at 9 (citing *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). Plaintiff fails to allege any "newly discovered evidence, [that the Court] committed clear error, or if there is an intervening change in the controlling law.'" *Wood*, 759 F.3d at 1121; Fed. R. Civ. P. 59(e). Nor has he presented any "new or different facts and circumstances" that were not presented in his original Complaint. *See* S.D. Cal. CivLR 7.1(i). Accordingly, the Court finds no basis to reconsider this issue.

Likewise, Plaintiff has not alleged any new or different facts or pointed to any intervening change in law that would alter this Court's determination that Plaintiff failed to state an Eighth Amendment claim against Nurse Salgado. In his Complaint, Plaintiff claimed Nurse Salgado "witnessed" Dr. Currier-Du place a "false statement" in his medical file that there was no evidence he suffered from Crohn's disease. Compl. at 13–14. Plaintiff alleged Nurse Salgado failed to report the "false statement" by Dr. Currier-Du and further denied his request to schedule him to see a different physician in order to get reinstated the medication Dr. Currier-Du purportedly discontinued. *Id.* The Court dismissed Plaintiff's Eighth Amendment claim against Nurse Salgado because Plaintiff

failed to allege facts to show she was aware that Dr. Currier-Du's decision to discontinue the medication placed Plaintiff at a serious risk of harm or that she deliberately disregarded that risk. *See* Order at 7–8 (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). In his Motion for Reconsideration, Plaintiff offers no new facts, points to no new evidence, fails to cite to any intervening case law, and points to no clear error. He simply rehashes the same allegations raised in the Complaint. *See* Reconsid. Mot. at 4–5; *id.* Ex. 3. Thus, the Court declines to reconsider its dismissal of Plaintiff's Eighth Amendment claim against Nurse Salgado. *See* Fed. R. Civ. P. 59(e); S.D. Cal. CivLR 7.1(i).

Similarly, Plaintiff fails to allege any basis to support reconsideration of the dismissal of his ADA claim against Nurse Salgado, Secretary Diaz, or Dr. Currier-Du. In its November 6, 2020 Order, the Court concluded that Plaintiff failed to state an ADA claim against Secretary Diaz, Nurse Salgado, and Dr. Currier-Du because Plaintiff "may not pursue an ADA claim against the individual Defendants in their individual capacities." Order at 12 (citing *Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1038 (9th Cir. 2006) (holding that the "bar on suits against individual defendants" applies to the ADA)). In his Motion for Reconsideration, however, Plaintiff does not discuss the bar against ADA claims against individual defendants. Instead, Plaintiff merely argues that, because he suffers from Crohn's disease, he has a "disability" under the ADA and his rights under the ADA were violated when he was "excluded from medical services solely by reason of [his] disability." Reconsid. Mot. at 1, 9–10; *id.* Ex. 8. Thus, Plaintiff simply reiterates the conclusory claims he presented in his Complaint, which were found insufficient for the reasons stated in this Court's Order. Because Plaintiff has not alleged new facts, pointed to new evidence, identified any intervening case law, or shown clear error, the Court declines to reconsider its dismissal of Plaintiff's ADA claim against Dr. Currier-Du, Nurse Salgado, and Secretary Diaz. *See* Fed. R. Civ. P. 59(e); S.D. Cal. CivLR 7.1(i).

Finally, Plaintiff argues that the Court should reconsider the dismissal of his First Amendment retaliation claim against Dr. Currier-Du. The Court found that Plaintiff failed to state a retaliation claim because he did not allege Dr. Currier-Du deprived him of his

medication in retaliation for Plaintiff's filing of a habeas petition in 2006. Order at 9–11. In his Complaint, Plaintiff alleged that Dr. Currier-Du told him he did not suffer from Crohn's disease and that Plaintiff had diagnosed himself. *See* Compl. at 4. According to Plaintiff, after Dr. Currier-Du made this statement, Plaintiff asked her whether it was in retaliation for his "past writ of habeas corpus against the medical department." *Id*. He then told Dr. Currier-Du he would be filing a grievance against her. Based on Plaintiff's allegations, the Court found there were insufficient facts to state a claim for retaliation because the alleged "adverse action," Dr. Currier-Du's notation that Plaintiff did not suffer from Crohn's disease, preceded Dr. Currier-Du's purported knowledge of Plaintiff's "protected activity." *See* Order at 11 (citing *Pratt v. Rowland,* 65 F.3d 802, 807–08 (9th Cir. 1995) (concluding that, in the absence of factual allegations to the contrary, it would be "sheer speculation" to assume that prison officials retaliated based on an inmate's First Amendment activity)). As with his other claims, Plaintiff has failed to allege any additional facts, point to new evidence, identify intervening case law, or otherwise show clear error. In seeking reconsideration, he simply relies on the same factual allegations contained in his original Complaint. Therefore, Plaintiff's Motion for Reconsideration of the dismissal of his First Amendment claim against Dr. Currier-Du also is denied. *See* Fed. R. Civ. P. 59(e); S.D. Cal. CivLR 7.1(i).

## AMENDED COMPLAINT

As discussed above, Plaintiff filed his First Amended Complaint ("FAC") on November 4, 2021; however, because it was sent via postal mail, it was not docketed until November 10, 2021—four days after the Court dismissed Plaintiff's original Complaint. *See* ECF No. 12. Plaintiff's FAC was accepted for filing "as a matter of course" pursuant to Federal Rule of Civil Procedure 15(a). However, because Plaintiff's FAC was submitted for filing before Plaintiff had the benefit of this Court's November 6, 2020 Order, it does

/ / /

/ / /

/ / /

not address any of the pleading deficiencies identified by the Court in the Order.[3] Therefore, while Plaintiff's FAC now functions as his operative pleading, like Plaintiff's original Complaint, it states a plausible Eighth Amendment claim for relief as to Dr. Currier-Du only. *See Hal Roach Studio, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original.").

## MOTION FOR EXCESS PAGES

Along with his FAC, Plaintiff also filed a "Motion for Leave to File Excess Pages." *See* ECF No. 6. Under Civil Local Rule 8.2(a), pro se litigants who are incarcerated are prohibited from filing complaints exceeding twenty-two (22) pages, consisting of the Court's seven-page form section 1983 complaint plus no more than fifteen additional pages. *See* S.D. Cal. CivLR 8.2(a). While Plaintiff has filed voluminous exhibits, his FAC is only twenty-eight (28) pages long. Thus, although the added exhibits could be construed to violate the Court's Local Rules, the Court **GRANTS** Plaintiff's Motion for Leave to File Excess Pages (ECF No. 6).

## MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff also has filed a Motion for Appointment of Counsel. *See* ECF No. 8 ("Mot. Appt. Counsel"). There is, however, no constitutional right to counsel in a civil case. *Lassiter v. Dep't of Social Servs.*, 452 U.S. 18, 25 (1981); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). And, while 28 U.S.C. § 1915(e)(1) grants the district court limited discretion to "request" that an attorney represent an indigent civil litigant, *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004), this discretion may be exercised only under "exceptional circumstances," *id.*; *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires the Court "to consider whether there is a 'likelihood of success on the merits' and whether 'the prisoner is unable to articulate his claims in light of the complexity of the legal issues involved.'"

---

[3] Indeed, although the document is captioned "First Amended Complaint," with the exception of the first two pages, the FAC is an exact photocopy of Plaintiff's original Complaint.

*Harrington v. Scribner*, 785 F.3d 1299, 1309 (9th Cir. 2015) (quoting *Palmer*, 560 F.3d at 970).

Here, Plaintiff requests appointment of counsel because he is "ill with [C]rohn's disease and cannot afford to hire a[n] attorney." Mot. Appt. Counsel ¶ 2. He states that because he is "not in the best of health it may from time to time interfere or hinder plaintiff['s] ability to perform discovery." *Id.* ¶ 5. He also contends that appointment of counsel is required because he "is incarcerated and it is very difficult for [him] to find a medical expert of attorney to represent [him]." *Id.*

As the case stands, Plaintiff has yet to demonstrate either a likelihood of success on the merits of his claims or that their legal complexity warrants referral to potential pro bono counsel pursuant to 28 U.S.C. § 1915(e)(1). *See Terrell*, 935 F.3d at 1017; *Palmer*, 560 F.3d at 970. For the reasons discussed fully in its November 6, 2020 Order, the Court determined Plaintiff's Complaint sufficiently stated an Eighth Amendment claim against Dr. Currier-Du. *See* Order at 6–7. While the Court concluded that Plaintiff's Eighth Amendment claim against Secretary Diaz and Nurse Salgado, his First Amendment claim as to Dr. Currier-Du, and his ADA claim as to all three Defendants were insufficient to plead viable causes of action, *see id*. at 8–13, Plaintiff was notified of those deficiencies and granted leave to amend them should he so choose, *see id*. at 13–14.

Nothing in Plaintiff's Motion for Appointment of Counsel or his FAC indicates that his disabilities or any current condition of confinement renders him incapable of articulating the factual bases for his purported claims—none of which are complex. *See Harrington*, 785 F.3d at 1309; *see also Norwood v. Hubbard*, 2009 WL 1287298, at *5 (E.D. Cal. May 7, 2009) (finding no exceptional circumstances warranted appointment of counsel where prisoner's "assertion of mental health problems" were vague and he appeared to have adequately prepared other filings in his case). Moreover, Plaintiff's suit is only in its initial pleading stages; time has yet to tell whether he is likely to succeed on the merits of any claim. *Id*.

/ / /

Thus, as currently pleaded, Plaintiff's FAC demonstrates that, while he may not be formally trained in law, he nevertheless is capable of cogently articulating the facts and circumstances relevant to his claims, which are typical and not legally "complex." *See Agyeman*, 390 F.3d at 1103. Therefore, the Court **DENIES** Plaintiff's Motion for Appointment of Counsel **WITHOUT PREJUDICE** (ECF No. 8).

**REQUEST FOR JUDICIAL NOTICE**

Plaintiff has also filed a "Request for Judicial Notice of Facts in First Amended Complaint." *See* ECF No. 16 ("RJN"). In his RJN, Plaintiff asks the Court to take judicial notice of the following: (1) claims seven and eight in his FAC "provide cause[s] of action for fraud," *id.* ¶ 1; (2) Plaintiff has alleged facts from which a "plausible inference can be drawn that his medication was discontinued on August 11, 2019," *id.* ¶ 2; (3) "plaintiff alleged facts from which a plausible inference could be drawn that defendants' action[s] were taken by reason of his disability," *id.* ¶ 3; and (4) "plaintiff alleged facts [from] which a plausible inference can be drawn that plaintiff was secluded from medical services from August 11, 2019 to October 29, 2019," *id.* ¶ 4.

"The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)–(2). The facts Plaintiff seeks to have this Court judicially notice are allegations contained in Plaintiff's FAC that are subject to reasonable dispute. These alleged facts and the inferences which might be drawn from them are not "capable of accurate and ready determination." *Id.* The court may not take judicial notice of any matter that is in dispute. *Lee v. City of Los Angeles*, 250 F.3d 668, 689–90 (9th Cir. 2001). Because there are no judicially noticeable facts contained in Plaintiff's RJN, the Court **DENIES** the RJN (ECF No. 16).

**REQUEST TO SERVE SUMMONS**

On March 5 and 17, 2021, Plaintiff filed two "Request[s] for Summons to be Issued" for Dr. Currier-Du. *See* ECF Nos. 18, 20. In both, Plaintiff requests a summons be issued

so that he may pursue his Eighth Amendment claim against Dr. Currier-Du, which survived screening. *See* ECF No. 18 at 1; ECF No. 20 at 1.

The Court construes these requests as a response to this Court's November 6, 2020 Order providing Plaintiff with the option "to either (1) notify the Court of his intention to proceed only with his Eighth Amendment claim against Defendant Dr. Currier-Du or (2) file a First Amended Complaint that cures the deficiencies of pleading noted" in the Order. *See* Order at 14. Although Plaintiff has filed a FAC, because it was received before the Court's November 6, 2020 Order, it is identical in all material respects to the original Complaint and fails to cure the pleading deficiencies noted in the Order. Further, Plaintiff's Motion for Reconsideration of the Court's November 6, 2020 Order is denied for the reasons discussed *supra*. Accordingly, the Court construes Plaintiff's Requests to Serve Summons as his election to proceed with his Eighth Amendment claim against Dr. Currier-Du only. As such, the Court **GRANTS** Plaintiff's Requests for Summons as to Dr. Currier-Du.

## MOTION TO EXPEDITE RULING

Finally, Plaintiff has filed a Motion for Expedited Ruling in which he asks the Court "to issue Plaintiff [a] summons to serve the defendants." ECF No. 10 at 3. For the reasons provided *supra*, the Court has granted Plaintiff's request for summons as to Dr. Currier-Du. Accordingly, the Court **DENIES** the motion **AS MOOT**.

## CONCLUSION

For the foregoing reasons, the Court:

1.     **DENIES** Plaintiff's Motion for Reconsideration (ECF No. 14);

2.     **GRANTS** Plaintiff's Motion to File Excess Pages (ECF No. 6);

3.     **DENIES** Plaintiff's Motion for Appointment of Counsel (ECF No. 8) **WITHOUT PREJUDICE**;

4.     **DENIES** Plaintiff's Request for Judicial Notice (ECF No. 16);

5.     **DENIES AS MOOT** Plaintiff's Motion to Expedite Ruling (ECF No. 10)**;**

6.     **DISMISSES** Defendants Secretary Diaz and Nurse Salgado for failure to

state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A and **DIRECTS** the Clerk of the Court to terminate them as parties to this matter;

7. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Kathleen Allison, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001;

8. **GRANTS** Plaintiff's Requests to Serve Summons (ECF Nos. 18, 20) on Defendant Dr. Theresa Currier-Du and **DIRECTS** the Clerk of the Court to issue a summons as to Plaintiff's First Amended Complaint (ECF No. 12) and to forward it to Plaintiff along with a blank U.S. Marshal Form 285 ("USM Form 285") for Dr. Currier-Du. In addition, the Clerk of the Court **SHALL PROVIDE** Plaintiff with certified copies of this Order, his First Amended Complaint, and the summons so that he may serve Dr. Currier-Du. Upon receipt of this "IFP Package," Plaintiff must complete the USM Form 285 as completely and accurately as possible, include an address where Dr. Currier-Du may be found and/or subject to service pursuant to S.D. Cal. CivLR 4.1(c), and return it to the U.S. Marshal according to the instructions the Clerk provides in the letter accompanying his IFP Package;

9. **ORDERS** the U.S. Marshal to serve a copy of the First Amended Complaint (ECF No. 12) and summons upon Dr. Currier-Du upon receipt and as directed by Plaintiff on the completed USM Form 285, <u>and to promptly file proof of service, or proof of any attempt at service unable to be executed, with the Clerk of the Court</u>. *See* S.D. Cal. CivLR 5.2. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3);

10. **ORDERS** Dr. Currier-Du, once served, to reply to Plaintiff's First Amended Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (providing that, while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its *sua sponte* screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) and thus made a preliminary determination based on the face of the pleading

12

alone that Plaintiff has a "reasonable opportunity to prevail on the merits," the defendant is required to respond); and

11. **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Dr. Currier-Du, or, if appearance has been entered by counsel, upon Dr. Currier-Du's counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Federal Rule of Civil Procedure 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court a certificate stating the manner in which a true and correct copy of that document was served on Dr. Currier-Du or her counsel and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court that has not been properly filed with the Clerk of the Court or that fails to include a Certificate of Service upon Dr. Currier-Du or her counsel may be disregarded.

**IT IS SO ORDERED**.

Dated: June 2, 2021

Hon. Janis L. Sammartino
United States District Judge