UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALLEN,<br><br>                              Plaintiff,<br><br>v.<br><br>DR. THERESA CURRIER-DU, Doctor; and NURSE SALGADO,<br><br>                              Defendants. | Case No.: 20-CV-1389 JLS (MDD)<br><br>**ORDER GRANTING MOTION TO FILE SECOND AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROC. RULE 15(a) AND DISMISSING OBJECTION AS MOOT**<br><br>(ECF Nos. 24, 29) |

On July 20, 2020, Plaintiff Michael Allen ("Plaintiff"), a California state prisoner incarcerated at Calipatria State Prison at the time of the relevant events proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983. *See generally* ECF No. 1.

On November 6, 2020, the Court granted Plaintiff's Motion to Proceed *in Forma Pauperis* ("IFP") and screened his original complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915(b). *See generally* ECF No. 4. In its November 6, 2020 Order, the Court found that Plaintiff had failed to state a claim as to Secretary Diaz and Nurse Salgado. As to Dr. Currier-Du, the Court concluded that Plaintiff failed to state a First Amendment retaliation claim or an ADA claim but that Plaintiff did state an Eighth Amendment claim. The Court granted Plaintiff leave to file a First Amended Complaint curing the pleading deficiencies

identified therein or to file notice of his intent to proceed with respect to his Eighth Amendment claims against Dr. Currier-Du only. *See id.* at 13–14.

On November 4, 2020, however, and just two days before the Court issued its screening order, Plaintiff submitted an "Amended Complaint" (ECF No. 12) along with a Motion to File Excess Pages (ECF No. 6), a Motion for Appointment of Counsel (ECF No. 8), and a Motion to Expedite Screening (ECF No. 10) to the Clerk of the Court for filing. Because his Amended Complaint and accompanying motions were received by the Court via United States Postal Service, Plaintiff's filings were not entered into the Court's docket until November 10, 2020.[1]  Meanwhile, this Court's November 6, 2020 Order granting Plaintiff's application to proceed IFP and screening the original Complaint was issued. *See* ECF No. 4. On November 19, 2020, after Plaintiff received the November 6, 2020 Order, he filed a Motion for Reconsideration and a Request for Judicial Notice. *See* ECF Nos. 14, 16. Plaintiff then filed two Requests for Summons on March 5 and 17, 2021. *See* ECF Nos. 18, 20.

In a June 2, 2021 Order, the Court denied Plaintiff's Motions for Reconsideration, for Appointment of Counsel, and to Expedite Ruling; denied Plaintiff's Request for Judicial Notice; granted Plaintiff's Motion to File Excess Pages; dismissed Defendants Secretary Diaz and Nurse Salgado following screening of the Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915(b); and granted Plaintiff's Requests to Serve Summons as to Defendant Dr. Theresa Currier-Du, the sole surviving defendant. *See generally* ECF No. 21 (the "Order"). On June 14, 2021, Plaintiff filed both an Objection to and a Notice of Appeal as to the Order. *See* ECF Nos. 24–25. On July 16, 2021, Plaintiff's appeal was dismissed for lack of jurisdiction. *See* ECF No. 31. Meanwhile, on June 28, 2021, Plaintiff

---

[1] While the Amended Complaint was docketed on November 10, 2020, it was filed *nunc pro tunc* to the date it was stamped received in the postal mail—November 4, 2020. *See* ECF No. 11. Under the "mailbox rule," the Court deems the date Plaintiff delivered his complaint to prison authorities for mailing as the date the document was filed. *See Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) ("[T]he *Houston* mailbox rule applies to § 1983 complaints filed by pro se prisoners.") (citing *Houston v. Lack*, 487 U.S. 266, 275–276 (1988)).

1 filed a Motion to File Second Amended Complaint Pursuant to Federal Rule of Civil Proc.
2 Rule 15(a) ("Mot.," ECF No. 29).

3       Pursuant to Federal Rule of Civil Procedure 15(a)(1), a plaintiff may amend his
4 pleading "once as a matter of course" within specified time limits.  Otherwise, a plaintiff
5 may only amend his complaint "with the opposing party's written consent or the court's
6 leave."  Fed. R. Civ. P. 15(a)(2).  Plaintiff has already amended his complaint once as a
7 matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1).  *See* ECF No. 21 at
8 7.  Accordingly, Plaintiff now seeks to amend his complaint with the Court's leave pursuant
9 to Federal Rule of Civil Procedure 15(a)(2).

10       While courts exercise broad discretion in deciding whether to allow amendment,
11 they have generally adopted a liberal policy.  *See United States ex rel. Ehmcke Sheet Metal*
12 *Works v. Wausau Ins. Cos.*, 755 F. Supp. 906, 908 (E.D. Cal. 1991) (citing *Jordan v. Cnty.*
13 *of Los Angeles*, 669 F.2d 1311, 1324 (9th Cir. 1982), *rev'd on other grounds*, 459 U.S. 810
14 (1982)).  Accordingly, leave is generally granted unless the court harbors concerns "such
15 as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to
16 cure deficiencies by amendments previously allowed, undue prejudice to the opposing
17 party by virtue of allowance of the amendment, futility of amendment, etc."  *Foman v.*
18 *Davis*, 371 U.S. 178, 182 (1962).  The non-moving party bears the burden of showing why
19 leave to amend should not be granted.  *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529,
20 530–31 (N.D. Cal. 1989).

21       Here, the Court finds that justice requires that Plaintiff be granted leave to file his
22 Second Amended Complaint.  *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give
23 leave when justice so requires.").  Given that the November 6, 2020 Order and Plaintiff's
24 Amended Complaint crossed in the mail, Plaintiff has not had an opportunity to revise his
25 pleading consistent with the Court's guidance.  Further, no defendant will be prejudiced,
26 as Defendants have yet to be served.  *See, e.g.*, ECF No. 30 (unexecuted summons for
27 Defendant Dr. Theresa Currier-Du).  Accordingly, the Court finds it appropriate to grant
28 Plaintiff's Motion.

# CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiff's Motion (ECF No. 29). Moreover, given this disposition, the Court **DENIES AS MOOT** Plaintiff's Objection to the Order's dismissal of certain claims in his Amended Complaint (ECF No. 24). The Court **GRANTS** Plaintiff <u>forty-five (45) days' leave</u> from the date on which this Order is electronically docketed in which to file his Second Amended Complaint.

**IT IS SO ORDERED.**

Dated: July 19, 2021

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge