UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MICHAEL ALLEN,

Plaintiff,

v.

DR. THERESA CURRIER,

Defendant.

Case No.:  20cv1389-JLS-MDD

**ORDER (1) GRANTING PLAINTIFF'S MOTION FOR CONFIDENTIAL ADDRESS, AND (2) DIRECTING SERVICE OF PROCESS**

[ECF No. 45]

## I. <u>BACKGROUND</u>

Plaintiff Michael Allen, a California state prisoner proceeding pro se and *in forma pauperis* ("IFP"), filed this action under 42 U.S.C. § 1983 on July 20, 2020.  (ECF No. 1).  Plaintiff alleges that Defendant Dr. Currier-Du violated his Eighth Amendment rights when she was deliberately indifferent to his serious medical needs.  *See* SAC (ECF No. 35 at 3, 9-16).  He also alleges Dr. Currier-Du violated his First Amendment rights by retaliating against him for complaining about his medical treatment.  (*Id*. at 4, 16-19).

On November 6, 2020, the Court issued an order granting Plaintiff's motion to proceed IFP and permitting 45 days for Plaintiff to amend his complaint. (ECF No. 4). The Court also authorized the U.S. Marshal ("USMS") to effect service of a summons and any amended complaint on Defendant Dr. Currier-Du. (ECF No. 4 at 7). Plaintiff filed a First Amended Complaint on November 10, 2020, and a request for summons on March 5 and 17, 2021. (ECF Nos. 18, 20). In his handwritten request(s) for summons, Plaintiff identified the defendant as "Dr. Theresa Currier-Du." (ECF Nos. 18, 20). The summons was returned unexecuted on July 8, 2021. (ECF No. 30). Plaintiff filed a motion for extension of time to serve the summons and amended complaint stating that the marshals could not serve Defendant Currier-Du because she no longer worked at the California Department of Corrections and Rehabilitation ("CDCR"). (ECF No. 33). He complained of the USMS's failure to make any further inquiry of defendant's last known address and suggested that Defendant Dr. Currier-Du would receive retirement checks and benefits from the CDCR, and that she remained a licensed doctor in the state of California. (*Id.* at 2).

Plaintiff filed a Second Amended Complaint on August 4, 2021, and another motion for extension of time to serve the summons and complaint. (ECF Nos. 35, 37). On December 15, 2021, Plaintiff again asked the Court to order the USMS to serve the summons and complaint on Defendant Currier-Du. (ECF No. 39). On January 27, 2022, the Court directed the Clerk of the Court to provide an "IFP Package" to Plaintiff so that he could completely and as accurately as possible include an address where Dr. Currier-Du may be found and/or subject to service. (ECF No. 41). The Court issued a summons as to the Second Amended Complaint the same day. (ECF No. 42). Again, the summons was returned unexecuted because Plaintiff had not

1
2
3

changed the identifying information for Defendant Dr. Currier-Du.  (ECF No. 44).  Now before the Court is Plaintiff's motion for an order to obtain the confidential address of Defendant Dr. Currier-Du.  (ECF No. 45).

4

## II.  <u>LEGAL STANDARD</u>

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19

"[A]n incarcerated pro se plaintiff proceeding *in forma pauperis* is entitled to rely on the U.S. Marshal for service of the summons and complaint, and, having provided the necessary information to help effectuate service, plaintiff should not be penalized by having his or her action dismissed for failure to effect service[.]"  *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990).  So long as the prisoner has furnished the information necessary to identify the defendant, the USMS's inability to effect service of process is automatically good cause within the meaning of Federal Rule of Civil Procedure 4(m).[1]  *See Walton v. Violi*, 100 F.3d 966 (9th Cir. 1996) (citing *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotation and citation omitted), *abrogated in part on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).  A pro se litigant proceeding *in forma pauperis* must "attempt to remedy any apparent service defects of which [he] has knowledge."  *Puett*, 912 F.2d at 274–75 (quoting *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987)).

20
21
22
23

If a plaintiff fails to comply, the court, after notice to the plaintiff, and upon motion or on its own initiative, may dismiss the action without prejudice.  *Id.*  However, if the plaintiff shows good cause for a failure to

24

25
26
27

[1] Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

effectuate service, the court may extend the time of service.  *See Muhammed v. Dep't of Treasury*, No. 97cv8137 LGB CWX, 1998 WL 986245, at *4 (C.D. Cal. Nov. 17, 1998); *see also* Fed. R. Civ. P. 4(m).

### III.  DISCUSSION

To resolve the procedural quagmire behind Plaintiff's motion, the Court briefly researched the failed attempts to serve the named defendant.  Two matters were revealed:  (1) Dr. Theresa Currier (not "Currier-Du") was a named defendant in an unrelated case currently pending in this district, *Holmes v. Estock*, *et al.*, 16cv2458-MMA-BLM;[2] and (2) Dr. Currier is currently a board certified doctor of osteopathic medicine ("D.O."), which may account for Plaintiff's misspelling of Dr. Currier's name, and any inability of the USMS, the CDCR, and the Defendant to locate Dr. Currier for service of process.

Here, Plaintiff has sufficiently identified Defendant Dr. Theresa Currier as an employee at the Calipatria State Prison and the CDCR during the time of the alleged incident.  In response to the summons, the Litigation Coordinator with the CDCR stated that "Mrs. Currier retired from state service effective October 15, 2019," and returned the summons to the USMS. (ECF No. 30 at 2, No. 44 at 2).  Under these circumstances, so long as the privacy of the Defendant's forwarding address can be preserved, and the forwarding address can easily be ascertained by reference to the CDCR's personnel records, Plaintiff is entitled to rely on the USMS to effect service

---

[2] "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2).  The Court does not suggest or opine about whether the two defendants are in fact the same person; instead, it suggests that an unintentional misspelling may have led to the pattern of failed service in this case.

upon the Defendant on his behalf. *See Puett*, 912 F.2d at 275; *Morris v. Barr*, No. 10cv2642-AJB-BGS, 2011 WL 3859711, at *1–2 (S.D. Cal. Aug. 2011) ("[A]s long as [defendant's] forwarding address can be easily ascertained by reference to the CDCR's personnel records, Plaintiff is entitled to rely on the USMS to effect service upon this Defendant on his behalf."); *Jensen v. Knowles*, 621 F. Supp. 2d 921, 929–30 (E.D. Cal. 2008) ("The Court agrees with Plaintiff that it is highly unlikely [defendant] vanished from the CDCR without so much as a last known address. Accordingly, the Court will direct the United States Marshal to make greater inquiry of the CDCR and reattempt service on [defendant]."); *Dodson v. Rocha*, No. 07cv0869-W-RBB, 2008 WL 251947, at *1 (S.D. Cal. Jan. 2008) ("As long as Defendant['s] . . . forwarding address can be easily ascertained by reference to the [CDCR's] personnel records, Plaintiff is entitled to rely on the [USMS] to effect service on him."); *see also Rochon,* 828 F.2d at 1110 (noting that plaintiff "may not remain silent and do nothing to effectuate such service"; rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge").

Plaintiff attempted to remedy the defects in service by requesting the USMS to obtain forwarding information associated with defendant's retirement checks or medical benefits, or by reference to the Medical Board of California where Dr. Currier remains a licensed, registered doctor. (ECF No. 39 at 2). Through several motions, Plaintiff sought to keep Defendant's information confidential between the USMS and the Court for the limited purpose of executing the summons and complaint only. (*Id*.). The Court finds that Plaintiff has satisfied his burden.

20cv1389-JLS-MDD

## IV.   **CONCLUSION**

The Court **GRANTS** Plaintiff's motion (ECF No. 45) and **ORDERS** the USMS to contact the Litigation Coordinator at Calipatria State Prison or the CDCR's Legal Affairs Division, if necessary, to obtain the current/forwarding address within the CDCR's records or possession.  If necessary, the USMS may also conduct an internet search for Dr. Currier's present medical practice address.  Any address for Dr. Theresa Currier that is retained by Calipatria State Prison and/or the CDCR shall be forwarded on or before **June 13, 2022** to the USMS in a confidential memorandum.

The Court **ORDERS** the USMS to keep strictly confidential any address provided for the Defendant.  The Defendant's address shall not appear on any USMS Form 285, shall not be provided to Plaintiff, and shall not be made part of the Court's record.

The Court **ORDERS** that within 30 days of receipt of any available address for the Defendant, the USMS shall serve a copy of Plaintiff's second amended complaint and summons upon Defendant Dr. Currier.  All costs of service shall be advanced by the United States pursuant to the Court's Order granting Plaintiff leave to proceed IFP and directing service pursuant to 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3). (ECF No. 4).

The Court **ORDERS** the Clerk of the Court to:  1) re-issue a summons as to Plaintiff's Second Amended Complaint upon Defendant Dr. Theresa Currier; 2) provide the U.S. Marshal with a certified copy of Plaintiff's Second Amended Complaint (ECF No. 35), the re-issued summons, and Notice of Lawsuit and Request for Waiver of Service and Summons Form.  The Clerk shall provide those documents, together with a paper copy of this Order to:

20cv1389-JLS-MDD

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

U.S. Marshal's Office
U.S. Courthouse
333 West Broadway, Suite 100
San Diego, CA 92101
<u>ATTN</u>:  Margaret Addison, Civil Clerk

The Clerk shall also email a courtesy copy of this Order, upon entry in CM/ECF to:  Margaret.Addison@usdoj.gov.

**IT IS SO ORDERED.**

Dated:   May 24, 2022

Hon. Mitchell D. Dembin
United States Magistrate Judge