UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALLEN,<br><br>                          Plaintiff,<br>v.<br>DIAZ, et al.,<br><br>                          Defendants. | Case No.: 20-CV-1389 JLS (LR)<br><br>**ORDER (1) GRANTING MOTION TO FILE THIRD AMENDED COMPLAINT AND (2) DENYING AS MOOT MOTION TO DISMISS**<br><br>(ECF Nos. 55, 60) |

      Presently before the Court are Defendant Theresa Currier's ("Defendant" or "Dr. Currier") Motion to Dismiss ("MTD," ECF No. 55) and Plaintiff Michael Allen's ("Plaintiff" or "Allen") Motion for Leave to File Third Amended Complaint ("Mot. to Amend," ECF No. 60). Also before the Court are Plaintiff's Opposition to (ECF No. 58) and Defendant's Reply in support of (ECF No. 59) the MTD, and Defendant's Opposition to ("Am. Opp'n," ECF No. 62) and Plaintiff's Replies in support of ("1st Am. Reply," ECF No. 63; "2d Am. Reply," ECF No. 64) the Motion to Amend. Having carefully considered the Parties' arguments and the law, the Court **GRANTS** Plaintiff's Motion to Amend and **DENIES AS MOOT** Defendant's Motion to Dismiss.

## BACKGROUND

      On July 20, 2020, Plaintiff, a California state prisoner incarcerated at Calipatria State Prison at the time of the relevant events who is proceeding pro se, filed a civil rights action

pursuant to 42 U.S.C. § 1983. *See generally* ECF No. 1. On November 6, 2020, the Court granted Plaintiff's Motion to Proceed *in Forma Pauperis* ("IFP") and screened his original complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915(b). *See generally* ECF No. 4. In its November 6, 2020 Order, the Court found that Plaintiff had failed to state a claim as to Secretary Diaz and Nurse Salgado. As to Dr. Currier, the Court concluded that Plaintiff failed to state a First Amendment retaliation claim or an Americans with Disabilities Act ("ADA") claim but that Plaintiff did state an Eighth Amendment claim. The Court granted Plaintiff leave to file a First Amended Complaint curing the pleading deficiencies identified therein or to file notice of his intent to proceed with respect to his Eighth Amendment claims against Dr. Currier only. *See id.* at 13–14. This Order issued before Plaintiff's Amended Complaint, mailed on November 4, 2020, was entered into the Court's docket on November 10, 2020. *See* ECF No. 12 ("FAC").

In a June 2, 2021 Order, the Court dismissed Defendants Secretary Diaz and Nurse Salgado following screening of the FAC pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915(b) and ordered service of the summons as to Dr. Currier, the sole surviving defendant. *See generally* ECF No. 21. On June 14, 2021, Plaintiff filed both an Objection to and a Notice of Appeal as to the June 2, 2021 Order. *See* ECF Nos. 24–25. On July 16, 2021, Plaintiff's appeal was dismissed for lack of jurisdiction. *See* ECF No. 31. Meanwhile, on June 28, 2021, Plaintiff filed his Motion to File Second Amended Complaint ("SAC"). *See generally* ECF No. 29. Per a July 19, 2021 Order, the Court granted Plaintiff leave to file the SAC and denied as moot his Objection to the June 2, 2021 Order. *See* ECF No. 32.

On August 4, 2021, Plaintiff filed the SAC. *See* ECF No. 35. In a January 27, 2022 Order, the Court screened the SAC, dismissing Plaintiff's ADA claims against Dr. Currier and Nurse Salgado but permitting his Eighth Amendment deliberate indifference and First Amendment retaliation claims against Dr. Currier to proceed. *See generally* ECF No. 41. After the Court granted a series of extensions, Dr. Currier finally was served on August 31, 2022. *See* ECF No. 51. The instant MTD was filed on October 21, 2022. *See generally* MTD.

Meanwhile, on October 28, 2022, Plaintiff filed a Third Amended Complaint. *See* ECF No. 56. The Court ordered the purported Third Amended Complaint stricken given that Plaintiff had already amended as of right and any further amendment required the Court's leave. *See* ECF No. 57. The instant Motion to Amend followed. *See generally* Mot. to Amend.

## LEGAL STANDARD

Motions to amend are governed by Federal Rule of Civil Procedure 15, which, as relevant here, provides that a party may amend its pleading once as a matter of course within twenty-one days of service of a motion under Rule 12(b) but otherwise must obtain either leave of the court or the written consent of the adverse party in order to amend. Fed. R. Civ. P. 15(a); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citing Fed. R. Civ. P. 15(a)).

The general policy provided by Rule 15(a)(2) that "[t]he court should freely give leave when justice so requires" is "to be applied with extreme liberality." *Eminence Capital, LLC*, 316 F.3d at 1051 (citing *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). Accordingly, leave should be "freely given" absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Yakama Indian Nation v. State of Wash. Dept. of Revenue*, 176 F.3d 1241, 1246 (9th Cir. 1999) ("Amendment under the Federal Rules of Civil Procedure should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay.") (internal quotation omitted). Of these factors, prejudice is the most important. *Eminence Capital, LLC*, 316 F.3d at 1052. "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

In deciding whether to grant leave to amend, a trial court "should be guided by the underlying purpose of Rule 15(a) . . . to facilitate decisions on the merits, rather than on

technicalities or pleadings." *James v. Pliler*, 269 F.3d 1124, 1126 (9th Cir. 2001) (citing *United States v. Webb*, 655 F.2d 977, 979–80 (9th Cir. 1981)).  Absent prejudice or a strong showing of the other *Foman* factors, there is a presumption in favor of granting leave to amend.  *Eminence Capital, LLC*, 316 F.3d at 1052 (internal citation omitted).

## ANALYSIS

Plaintiff seeks leave to file the TAC to "cure[] defects and correct identified dificiencies [sic]." Mot. to Amend at 2–3.  Specifically, Plaintiff seeks to allege additional facts in and attach additional exhibits to his pleading in order to further support his First and Eighth Amendment claims against Dr. Currier.  *See id.* at 1–2.  Defendant "opposes Plaintiff's request because Plaintiff's proposed amendments would be futile."  Am. Opp'n at 2.  Defendant provides no further bases to deny Plaintiff's request.  *See generally* Am. Opp'n.

The Court finds that Defendant has failed to overcome the presumption in favor of granting leave to amend.  Plaintiff's request is not unduly delayed, having been filed shortly after the filing of Defendant's Motion to Dismiss, before any discovery has taken place or trial dates have been set.  Nor is there any indication that Plaintiff's request is in bad faith; rather, Plaintiff appears to be making a good faith effort to provide further support for his allegations.  Although Plaintiff has been granted leave to amend previously, the Court notes that the claims at issue were adequately pleaded to survive the pre-answer screening required by 28 U.S.C. §§ 1915(e)(2) and 1915(b).

Ultimately, prejudice is the most important consideration in assessing whether leave to amend should be granted, and Defendant's utter silence as to this factor is telling.  *See, e.g.*, *Gomez v. Cnty. of Los Angeles*, No. CV0902457MMMCWX, 2009 WL 10699661, at *2 (C.D. Cal. Dec. 2, 2009) ("As defendants identify no prejudice that they will suffer if the amendment is allowed, the balance of the factors weigh in favor of permitting plaintiffs to file the proposed third amended complaint.").  Defendant does not claim that preparation of its Motion to Dismiss, which would be mooted should the Court grant the Motion to Amend, constitutes severe prejudice, nor could it.  *See, e.g.*, *dpiX LLC v. Yieldboost Tech,*

*Inc.*, No. 14-CV-05382-JST, 2015 WL 5158534, at *2 (N.D. Cal. Sept. 2, 2015) ("Defendants cite no case law for the proposition that being required to engage in additional briefing as the result of amendment of a complaint constitutes 'severe prejudice,' and this Court has located only authority to the contrary.") (citations omitted). Nor does the proposed amendment add new claims or parties.

Finally, "'[d]enial of leave to amend on [futility] ground[s] is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.'" *Bullock v. Ishimaru*, No. 06CV2329-WQH-CAB, 2009 WL 4261196, at *3 (S.D. Cal. Nov. 24, 2009) (quoting *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003)). The additional allegations facially appear to provide at least some additional support for Plaintiff's claims; accordingly, the Court finds it inappropriate at this time to declare the proposed amendments futile. Accordingly, the Court finds that the *Foman* factors weigh in favor of granting Plaintiff's request.

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiff's Motion to Amend (ECF No. 60) and **DENIES AS MOOT** Defendant's Motion to Dismiss (ECF No. 55). Plaintiff **SHALL FILE** his Third Amended Complaint within thirty (30) days of the date of this Order.

**IT IS SO ORDERED.**

Dated: December 16, 2022

Hon. Janis L. Sammartino
United States District Judge