UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALLEN,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>DR. THERESA CURRIER,<br><br>　　　　　　　　Defendant. | Case No.: 20-CV-1389 JLS (LR)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION OF MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(ECF No. 71) |

　　　Presently before the Court is Plaintiff Michael Allen's ("Plaintiff" or "Allen") Motion for Reconsideration of Motion for Appointment of Counsel ("Mot.," ECF No. 71). Having carefully considered Plaintiff's Motion and the law, the Court **DENIES** Plaintiff's Motion for the reasons that follow.

**BACKGROUND**

　　　Although this case has been pending for more than two and one-half years, it remains in its infancy and has yet to proceed past the pleading stage. On July 20, 2020, Plaintiff, a California state prisoner incarcerated at Calipatria State Prison at the time of the relevant events, filed a civil rights action pursuant to 42 U.S.C. § 1983. *See* ECF No. 1. On November 6, 2020, the Court granted Allen's Motion to Proceed *in Forma*

*Pauperis* ("IFP") and screened his Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915(b). *See generally* ECF No. 4. The Court granted Allen leave to file a First Amended Complaint curing the pleading deficiencies identified by the Court or to file notice of his intent to proceed with respect to his sole claim to survive screening, an Eighth Amendment claim against Defendant Dr. Theresa Currier.[1] *See id.* at 13–14.

On November 4, 2020, however, Allen filed an "Amended Complaint" (ECF No. 12) along with a Motion to File Excess Pages (ECF No. 6), a Motion for Appointment of Counsel (ECF No. 8), and a Motion to Expedite Screening (ECF No. 10). Because the Amended Complaint and accompanying motions were received by the Court via the United States Postal Service, Allen's filings were not entered into the Court's docket until November 10, 2020, after this Court's November 6, 2020 Order granting Plaintiff's IFP Motion and screening the original Complaint issued. *See* ECF No. 4. On November 19, 2020, after Plaintiff received the Court's November 6, 2020 Order, he filed a Motion for Reconsideration and a Request for Judicial Notice. ECF Nos. 14, 16.

In a June 2, 2021 Order, the Court denied Plaintiff's Motions for Reconsideration, for Appointment of Counsel, and to Expedite Ruling; granted Plaintiff's Motion to File Excess Pages; dismissed Defendants Diaz and Salagado following screening of the Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915(b); and granted Plaintiff's Requests to Serve Summons as to Dr. Currier, the sole remaining defendant. *See generally* ECF No. 21.

Allen filed a Notice of Appeal with the United States Court of Appeals for the Ninth Circuit on June 14, 2021. ECF No. 25. The appeal was dismissed for lack of jurisdiction and the mandate issued on August 9, 2021. *See* ECF Nos. 31, 36. In the meantime, Allen filed a Motion for Leave to File a Second Amended Complaint ("SAC") on June 28, 2021. ECF No. 29. The Court granted the motion on July 19, 2021. ECF

---

[1] Prior iterations of Plaintiff's pleadings referred to the sole remaining named Defendant as "Dr. Theresa Currier-Du." *See, e.g.*, ECF No. 1. The operative Third Amended Complaint, however, asserts claims against "Dr. Theresa Currier." *See* ECF No. 66. For consistency, this Order refers to Defendant as "Dr. Theresa Currier."

No. 32. Allen filed his SAC on August 4, 2021. ECF No. 35. On January 27, 2022, the Court issued an Order dismissing Allen's Americans with Disabilities Act claims and ordering service of the SAC and the summons on Dr. Currier. *See generally* ECF No. 41. After seeking several extensions and Dr. Currier's address, Plaintiff finally effected service on Dr. Currier on August 31, 2022. *See* ECF No. 51.

After seeking and obtaining an extension, Dr. Currier filed a motion to dismiss on October 21, 2022. *See* ECF Nos. 52–53, 55. On October 28, 2022, Plaintiff purported to file a Third Amended Complaint ("TAC"). *See* ECF No. 56. As Plaintiff had already amended his complaint as of right and had failed to obtain the Court's permission to amend, the Court struck the TAC. *See* ECF No. 57. Plaintiff thereafter filed a Motion for Leave to File Third Amended Complaint. *See* ECF No. 60. On December 16, 2022, following briefing, the Court granted the motion to amend and denied as moot Dr. Currier's pending motion to dismiss the SAC. *See generally* ECF No. 65.

Plaintiff filed the operative TAC on December 23, 2022. *See generally* ECF No. 66. On January 23, 2023, Defendant again moved to dismiss after obtaining an extension of her time to respond. *See* ECF Nos. 67–69.[2] On January 26, 2023, Plaintiff filed the instant Motion, *see* Mot., as well as a Motion to Appoint Expert, *see* ECF No. 72. On February 3, 2023, Plaintiff additionally filed a Motion for Limited Discovery. *See* ECF No. 76.[3]

## MOTION FOR RECONSIDERATION

To the extent Plaintiff seeks reconsideration of the Court's prior denial of his Motion to Appoint Counsel, the Motion is untimely. Plaintiff's November 10, 2020 Motion to Appoint Counsel was denied by this Court on June 2, 2021. *See* ECF Nos. 8 (Motion) & 21 (Order). Pursuant to Civil Local Rule 7.1(i)(2), "[e]xcept as may be

---

[2] Magistrate Judge Lupe Rodriguez, Jr., will issue a separate ruling on Defendant's Motion to Dismiss following briefing on the matter. *See* ECF No. 69.

[3] Magistrate Judge Lupe Rodriguez, Jr., will issue separate rulings on Plaintiff's Motion to Appoint Expert and Motion for Limited Discovery following briefing on those matters. *See* ECF Nos. 74 & 77.

allowed under Rules 59 and 60 of the Federal Rules of Civil Procedure, any motion or application for reconsideration must be filed within twenty-eight (28) days after the entry of the ruling, order or judgment sought to be reconsidered." Accordingly, Plaintiff's deadline to move for reconsideration of the denial of his Motion to Appoint Counsel was June 30, 2021. Plaintiff failed to file his motion, however, until one year and one-half after that deadline had elapsed. Accordingly, the Court **DENIES** Plaintiff's Motion as untimely. *See, e.g.*, *Quechan Indian Tribe v. United States*, Civil No. 02cv1096 JAH (AJB), 2010 WL 3895055, at *3 (S.D. Cal. Sept. 29, 2010) (denying as untimely motion seeking reconsideration of ruling issued nearly two years prior).

## RENEWED MOTION TO APPOINT COUNSEL

In light of Plaintiff's pro se status, however, the Court, in its discretion, construes his Motion as a renewed motion to appoint counsel and decides the Motion on its merits. *See, e.g.*, *Mora v. Clark*, Case No. 19-cv-02468-AJB-MSB, 2020 WL 6268851, at *2 (S.D. Cal. Oct. 26, 2020) (construing untimely motions for reconsideration as objections to report and recommendation); *Andrews v. Knowles*, No. 10cv2109-BEN (BLM), 2011 WL 2149619, at *1 (S.D. Cal. June 1, 2011) (considering untimely motion for reconsideration on the merits given the plaintiff's pro se prisoner status).

I.  **Legal Standard**

There is no constitutional right to counsel in a civil case. *Lassiter v. Dep't of Social Servs.*, 452 U.S. 18, 25 (1981); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Rather, the appointment of counsel in a civil case "is a privilege and not a right." *U. S. ex rel. Gardner v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965) (citing *Wright v. Rhay*, 310 F.2d 687 (9th Cir. 1962)). And, while 28 U.S.C. § 1915(e)(1) grants the district court limited discretion to "request" that an attorney represent an indigent civil litigant in "exceptional circumstances," *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991), "[a] finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the

complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Terrell*, 935 F.2d at 1017 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

## II.     Analysis

Here, Plaintiff—a prisoner at Centinela State Prison—indicates that he cannot afford to pay an attorney to litigate this matter. Mot. at 3.[4] He further argues that the issues are complex because questions concerning the standard of care and the diagnosis and treatment of Crohn's disease require a medical expert with a specialization in gastroenterology, and "[an] attorney will assist in obtaining a[n] expert to explain medical issues," which Plaintiff cannot do given his incarcerated status. *Id.* Plaintiff argues that his case has merit because it has survived IFP screening and a motion to dismiss,[5] *see id.*, and that exceptional circumstances warrant appointment of counsel because the requests for admission he served on January 9, 2022,[6] were lost in the mail, thus establishing that his "access to the courts is being obstructed, impeded and stymied," *id.* at 3–4. Plaintiff notes that more recently, in late 2022, a supplemental brief for the appeal of his criminal case was delivered three months after he sent it. *Id.* at 4. Plaintiff cites to Third Circuit decisions recognizing the need for appointed counsel when the plaintiff encounters obstacles in discovery. *See id.* (citations omitted).

Plaintiff has successfully navigated the Court system thus far, filing four complaints in this matter, the most recent totaling one hundred and nineteen pages with more than thirty exhibits. *See generally* ECF No. 66. Plaintiff successfully sought the Court's leave to file the operative TAC, thereby mooting Dr. Currier's motion to dismiss.

---

[4] In citing to the Motion, the Court refers to the blue numbers stamped in the upper righthand corner of each page by the Court's case management/electronic case filing system.

[5] The Court notes that Dr. Currier's motion to dismiss the SAC was denied as moot when the Court granted Plaintiff leave to file his TAC, and that the Court did not rule on the motion to dismiss on the merits. *See generally* ECF No. 65.

[6] Although Plaintiff also specifies a date of January 9, 2019, that appears to be a typographical error, as this matter was not pending at that time. *See, e.g.*, Mot. at 3.

*See* ECF Nos. 60, 65. Plaintiff also successfully moved for Dr. Currier's address to be provided to the United States Marshals, who were initially unable to effect service. *See* ECF Nos. 45–46. Plaintiff's successes thus far indicate that he at least has a base understanding of and ability to litigate this action. Nor are the legal issues raised by this matter, asserting only two routine constitutional claims against a single defendant, particularly complex. *See, e.g.*, *Estrada v. Macis*, Case No. 1:15-cv-01292-AWI-SAB (PC), 2017 WL 1207882, at *1 (E.D. Cal. Mar. 3, 2017) ("Plaintiff is proceeding on a claim of deliberate indifference to a serious medical need and the legal issues present in this action are not complex, and Plaintiff has thoroughly set forth his allegations in the complaint."). Further, the early stage of this litigation counsels against appointing counsel at this time. "To the extent Plaintiff claims difficulties developing the factual record and conducting discovery, those issues are not unique to him. If such difficulties were sufficient to establish 'exceptional circumstances,' nearly every *pro se* prisoner would be entitled to pro bono counsel." *Eckard v. Symons*, No. C19-376-RSL-MLP, 2019 WL 2715664, at *1 (W.D. Wash. June 28, 2019) (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).[7]

While Plaintiff expresses concern about the delivery of his legal mail, the Court notes that the instant Motion was provided to prison officials for mailing on January 23, 2023, and received by this Court three days later on January 26, 2023. *See* Mot. at 10. Other filings received from Plaintiff in this matter also appear to have been timely received by the Court. *See generally* Docket. Thus, the Court declines to infer that the two instances of delayed or missing mail identified by Plaintiff are indicative of systemic failings amounting to obstruction of his access to this Court. Indeed, difficulties with

---

[7] Moreover, as this case has not yet proceeded past the pleading stage, discovery is premature. *See* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)[.]"); *Duran v. City of Proterville*, No. 1:12-cv-1239-LJO BAM, 2013 WL 12430031, at *1–2 (E.D. Cal. Jan. 17, 2013) (noting that discovery concerning the merits of the plaintiff's pleadings was premature where defendant's motion to dismiss was still pending and Rule 26(f) conference had not yet taken place).

mail processing and delivery are hardly unique to prisoners, with the U.S. Postal Service itself acknowledging that it "ha[s] not met First-Class Mail service targets in eight years," with average First-Class Mail service performance for fiscal year 2020 "more than six points below the target," at 89.7 percent."  U.S. POSTAL SERV., DELIVERING FOR AMERICA: OUR VISION AND TEN-YEAR PLAN TO ACHIEVE FINANCIAL SUSTAINABILITY AND SERVICE EXCELLENCE 14 (2021), *available at* https://about.usps.com/what/strategic-plans/delivering-for-america/assets/USPS_Delivering-For-America.pdf.   Ultimately, while the Court sympathizes with the difficulties Plaintiff faces as a pro se prisoner, issues with mail access do not rise to the level of "exceptional circumstances" for purposes of a motion to appoint counsel. *See, e.g., Freeman v. Ducey*, No. CV-20-00287-TUC-RM, 2021 WL 3165405, at *1 (D. Ariz. June 28, 2021) (noting that "typical difficulties experienced by pro se prisoner litigants," including "limited access to legal resources," such as the plaintiff's professed "limited access to mail," "do not establish exceptional circumstances") (citations omitted); *Donnan v. Cook*, Civil No. 08cv2157 DMS (AJB), 2010 WL 3431823, at *2 (S.D. Cal. Aug. 30, 2010) (denying motion for appointment of counsel for lack of showing of exceptional circumstances where, among other things, plaintiff claimed he was "being denied the right to enjoy the U.S. Mail Delivery System").

Finally, while the Court has previously determined that Plaintiff's claims were adequately pleaded "to survive the 'low threshold' for proceeding past the *sua sponte* screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b)," ECF No. 41 at 9–10 (citing *Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995), *overruled on other grounds by Shaw v. Murphy*, 532 U.S. 223, 230 n.2 (2001)), "it is too early for the Court to determine [Plaintiff]'s likelihood of success on the merits," *Clack v. San Diego Sheriffs Dep't*, No. 08CV0624 IEG (RBB), 2009 WL 413030, at *2 (S.D. Cal. Feb. 18, 2009) (noting that court was unable to conclude that the plaintiff was likely to succeed "[a]lthough Plaintiff's allegations are sufficient to state a claim for relief"). At this early

stage in the proceedings, with discovery yet to even open, the Court simply does not have enough facts and evidence to determine whether Plaintiff has a strong likelihood of success on the merits such that appointment of counsel is warranted.

In sum, Plaintiff has adequately litigated the case thus far, the case is still in its infancy, and the Court is currently unable to determine how likely Plaintiff is to succeed on the merits of his claim. For these reasons, neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. Accordingly, the Court **DENIES** Plaintiff's Motion. Should circumstances change, Plaintiff may be permitted to file another motion for appointment of counsel.

## CONCLUSION

In light of the foregoing, the Court **DENIES** Plaintiff's Motion (ECF No. 71).

**IT IS SO ORDERED.**

Dated: February 17, 2023

Hon. Janis L. Sammartino
United States District Judge