UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALLEN,<br><br>                              Plaintiff,<br><br>v.<br><br>THERESA CURRIER,<br><br>                              Defendant. | Case No.: 20cv1389-JLS(LR)<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF MEDICAL EXPERT [ECF NO. 72]**<br><br>**AND**<br><br>**(2) DENYING PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY [ECF NO. 76]** |

   Pending before the Court are Plaintiff's "Motion for Court Appointed Neutral Medical Expert 'Gastroenterologist'" [ECF No. 72] and "Motion for Limited Discovery" [ECF No. 76].  Pursuant to the Court's briefing schedules, Defendant Currier timely filed responses to Plaintiff's motions on February 17, 2023, and February 23, 2023.  (See ECF Nos. 74, 77, 79, 82.)  For the following reasons, the Court **DENIES** Plaintiff's motions.

/ / /

/ / /

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On July 20, 2020, Plaintiff, a state prisoner, filed a civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) On November 6, 2020, the Court granted Plaintiff's Motion to Proceed in Forma Pauperis ("IFP") and screened his Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). (ECF No. 4.)

On December 23, 2022, Plaintiff filed a Third Amended Complaint ("TAC"), the operative pleading in this case. (See ECF No. 66.) Plaintiff alleges that on February 21, 2001, he was diagnosed with Crohn's disease by California Department of Corrections and Rehabilitation medical staff based on colonoscopy and X-rays, and he has been prescribed medication for Crohn's disease for over ten years. (Id. at 3, 10–12.)

On June 11, 2019, while housed at California State Prison, Plaintiff had an appointment with Defendant Dr. Currier. (Id. at 3.) During the examination, Defendant Currier stated that there was no evidence of Crohn's disease, that Plaintiff was "self-prescribing," and she was "not comfortable prescribing [Plaintiff] medication." (Id. at 3–4.) Plaintiff alleges that Defendant Currier had reviewed his medical records and therefore had no basis for stating that he did not have Crohn's disease. (Id. at 3.) Plaintiff alleges that he told Defendant Currier that his medical records from 2001 to 2019, showed that he suffered from Crohn's disease, and that he advised Defendant Currier that he would file an inmate grievance against her for dismissing his diagnosis. (Id. at 3, 9.) On July 17, 2019, Plaintiff filed an administrative grievance against Defendant Currier. (Id. at 10.)

On August 11, 2019, Defendant Currier did not renew Plaintiff's Crohn's medication. (Id. at 9–10.) Plaintiff alleges that Defendant Currier also failed to properly taper him off the medication. (Id. at 4, 12.) He states that he was without the medication for over two months from August 11, 2019, until October 30, 2019, when a different doctor, Dr. Williams, renewed his medication to treat Crohn's disease. (Id. at 10.) Plaintiff alleges that as a result of Defendant Currier discontinuing his medication, he became "sick with stomach pains" on October 15, 2019. (Id.)

Plaintiff contends that Defendant Currier violated his Eighth Amendment rights when she was deliberately indifferent to his serious medical needs. (Id. at 3, 9–16.) He also alleges that Defendant Currier violated his First Amendment rights by retaliating against him for complaining about his medical treatment. (Id. at 4, 16–20.)

On January 23, 2023, Defendant Currier, the only remaining Defendant in this action, filed a Motion to Dismiss Plaintiff's TAC. (ECF No. 69.) Defendant argues that Plaintiff fails to state a claim in his TAC for deliberate indifference under the Eighth Amendment and retaliation under the First Amendment. (ECF No. 69 at 11–18.) Defendant Currier also asserts that Plaintiff did not exhaust his administrative remedies with respect to his retaliation claim. (Id. at 18–20.)

## II. MOTION FOR APPOINTMENT OF MEDICAL EXPERT [ECF NO. 72]

Plaintiff moves the Court to appoint a medical expert, a gastroenterologist, pursuant to Federal Rule of Evidence 706. (ECF No. 72 at 1.) He argues that a gastroenterologist can assist the Court with the following questions: (1) How is Crohn's disease diagnosed? (2) How is it treated? (3) Is there a cure for Crohn's disease? (4) How many medications can be prescribed to treat Crohn's disease? and (5) Is stopping a patient's medication for Crohn's disease an acceptable standard? (Id. at 2–3.) Plaintiff also seeks to have the expert review his medical records to determine whether they contain any diagnoses of Crohn's disease before June 11, 2019. (Id.) Plaintiff contends that because he is asserting Eighth Amendment claim for deliberate indifference to his medical needs against Defendant Currier, the appointment of a gastroenterologist can clarify whether discontinuing for two months prescription medication for a patient diagnosed with Crohn's disease is an acceptable standard of care. (Id. at 2.)

Defendant Currier argues that the appointment of an expert is not appropriate at this stage of litigation. (ECF No. 79 at 4–5.) She asserts that currently, there are no factual disputes in this case, it is unclear whether factual disputes may arise in the future, and if they do arise, whether they will be complex enough to warrant the appointment of a medical expert. (Id.) Defendant contends that before discovery is completed, and

without a motion for summary judgement or trial before the Court, there is no need for a medical expert's opinion to assist the Court in factfinding. (Id. at 5.) Defendant therefore asks the Court to deny Plaintiff's motion. (Id. at 6.)

A district court has discretion to appoint an expert witness either by a party's motion or by its own motion. Fed. R. Evid. 706(a); see also Gorton v. Todd, 793 F. Supp. 2d 1171, 1178 (E.D. Cal. 2011) ("[T]he decision of whether to appoint an expert witness under Rule 706 is discretionary."). A court should appoint an expert witness when there is "evidence, admissible or otherwise, that demonstrates a serious dispute that could be resolved or understood through expert testimony." Gorton, 793 F. Supp. 2d at 1181; see also Torbert v. Gore, Case No.: 14cv2911 BEN (NLS), 2016 WL 3460262, at *2 (S.D. Cal. June 23, 2016) (quotation omitted) (stating that a court may appoint an expert witness when "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or decide a fact in issue").

The *in forma pauperis* statute, 28 U.S.C. § 1915, "does not waive payment of fees or expenses for witnesses" in a § 1983 prisoner civil rights action. Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993). A district court therefore should not appoint expert witnesses "where they are not necessary or significantly useful for the trier of fact to comprehend a material issue in a case[.]" Gorton, 793 F. Supp. 2d at 1181.

The Court notes that on January 23, 2023, Defendant Currier filed a Motion to Dismiss Plaintiff's TAC. (See ECF No. 69.) Plaintiff has not yet filed an opposition, and the Court has not ruled on the motion. (See Docket.) In light of the procedural posture of the case, the Court has not issued a scheduling order. As such, procedurally, this case is at the early stage where the pleadings remain unsettled and discovery dates have not been set.

Further, after reviewing Plaintiff's motion, Defendant's opposition, and Plaintiff's TAC, the Court concludes that the issues in this case are not complex enough to require the testimony of an expert witness to assist the trier of fact. To prevail on his Eighth Amendment claim, Plaintiff will have to establish that Defendant Currier acted with

deliberate indifference to his serious medical needs.  See Estelle v. Gamble, 429 U.S. 97, 104 (1976).  The determination of whether Defendant displayed deliberate indifference to prisoner's serious medical needs does not require the jury to "consider probing, complex questions concerning medical diagnosis and judgment."  Torbert, 2016 WL 3460262, at *2 (quoting Levi v. Dir. Corr., No. CIVS020910LKKKJMP, 2006 WL 845733, at *1 (E.D. Cal. Mar. 31, 2006)).  Instead, the jury will consider Defendant's subjective knowledge of any risks to Plaintiff's health, as well as Plaintiff's subjective testimony regarding his alleged injuries and their impact on his daily life.  See Arellano v. Hodge, Case No.: 14-cv-590 JLS (JLB), 2017 WL 2692875, at *1 (S.D. Cal. June 22, 2017) (citing Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004); Torbert, 2016 WL 3460262, at *2).  Numerous courts have declined to appoint an expert under such circumstances.  See Arellano, 2017 WL 2692875, at *1 (denying plaintiff's motion to appoint a medical expert with specialized knowledge of the Gabapentin medication, lower back injuries, and nerve damage in a § 1983 prisoner civil rights action, where the plaintiff alleged that defendants were deliberately indifferent to his serious medical needs in violation of Eighth Amendment); Levi, 2006 WL 845733, at *1 (denying plaintiff's motion to appoint a specialist in internal medicine as an expert in a § 1983 prisoner civil rights action, where the plaintiff alleged Eighth Amendment deliberate indifference claim arising out of defendants' treatment of the plaintiff for hepatitis C).

Accordingly, Court finds that the appointment of a medical expert is not warranted at this stage of the proceedings.  The Court therefore **DENIES** Plaintiff's "Motion for Court Appointed Neutral Medical Expert 'Gastroenterologist'" [ECF No. 72].

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

### III. MOTION FOR EXPEDITED DISCOVERY [ECF NO. 76]

Plaintiff moves the Court to grant him leave to conduct expedited discovery. (ECF No. 76.) In support, Plaintiff states that the discovery he seeks is warranted so that he can respond to Defendant's argument in her Motion to Dismiss that he has not established facts sufficient to support the causes of action in this suit. (Id. at 1–2.) Plaintiff further argues that Defendant's Motion to Dismiss encompasses a Motion for Summary Judgment, and the Court cannot rule on a Motion for Summary Judgment without allowing the parties to conduct discovery. (Id. at 2.)

Defendant asserts that discovery is not required at this stage of litigation. (ECF No. 82 at 2.) Defendant alleges that contrary to Plaintiff's contentions, she does not argue in her Motion to Dismiss that Plaintiff has not produced *evidence* to substantiate his factual allegations; rather, she argues that the *facts alleged* in Plaintiff's TAC do not sufficiently establish all of the required elements of the legal theories upon which Plaintiff is relying. (Id. (citing Conservation Force v. Salazar, 646 F.3d 1240, 1241–42 (9th Cir. 2011).) Defendant also argues that because she contends in her Motion to Dismiss that it is clear from the face of Plaintiff's TAC that Plaintiff has not exhausted remedies as to his retaliation claim, discovery is not required to enable Plaintiff to respond to the Motion to Dismiss. (Id. at 2–3.) Finally, Defendant asserts that Plaintiff will have an opportunity to argue that his pleadings are sufficient when he opposes the Motion to Dismiss, and to obtain discovery if his TAC survives the Motion to Dismiss. (Id. at 3–4.) Defendant therefore asks the Court to deny Plaintiff's motion for expedited discovery. (Id. at 4.)

A party may not conduct discovery unless the requested discovery is authorized by Federal Rules of Civil Procedure, a stipulation, or court order permitting discovery. See Fed. R. Civ. P. 26(d)(1). Courts apply the "good cause" standard to determine whether a request for expedited discovery is warranted, and have broad discretion when making such determination. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992); Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 276 (N.D. Cal.

2002).  Good cause exists where the need for expedited discovery outweighs the prejudice to the responding party.  Semitool, Inc., 208 F.R.D. at 276.  Courts commonly consider the following factors to determine whether good cause justifies expedited discovery: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made."  Apple Inc. v. Samsung Elec. Co., Ltd., No. 11–CV–01846–LHK, 2011 WL 1938154, at *1 (N.D. Cal. May 18, 2011) (quoting Am. LegalNet, Inc. v. Davis, 673 F. Supp. 2d 1063, 1067 (C.D. Cal. 2009)).  Additionally, in a prisoner civil rights action, expedited discovery may be warranted to permit plaintiff to identify unnamed defendants.  See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (providing that if the identity of the alleged defendant is not "known prior to the filing of a complaint[,] the plaintiff should be given an opportunity through discovery to identify the unknown defendants[.]") (quoting Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)).

In this case, Plaintiff may obtain expedited discovery if it is authorized by court order.  As noted above, on January 23, 2023, Defendant filed a Motion to Dismiss Plaintiff's TAC.  (See ECF No. 69.)  Because Defendant's Motion to Dismiss is currently pending, Defendant has not yet filed an answer, and the Court therefore has not issued a scheduling order setting discovery deadlines.  As such, Plaintiff is seeking discovery far in advance of the typical discovery process.  See Apple Inc., 2011 WL 1938154, at *1; see also Larios Fernandez v. Metropolitan Corr. Ctr., Case No.: 3:20-cv-01265-GPC-AHG, 2021 WL 1400854, at *2 (S.D. Cal. Apr. 13, 2021) (denying motion for expedited discovery where plaintiff requested "discovery months before it would traditionally occur in a case").

Further, Plaintiff's deadline to file his opposition to the pending Motion to Dismiss is May 5, 2023, (see ECF No. 81), and Plaintiff will have an opportunity to argue in his opposition that the *facts alleged* in his TAC sufficiently establish all of the required

elements of the legal theories upon which he is relying.  After reviewing the discovery requests at issue, the Court notes that they are very broad.  At this stage of litigation, Plaintiff has not demonstrated that early discovery is needed on an expedited basis or that his TAC will survive Defendant's Motion to Dismiss.  Additionally, there is no pending motion for injunctive relief or other circumstances that would justify expedited discovery.  Accordingly, Plaintiff has not demonstrated that the need for expedited discovery in this case outweighs the prejudice to Defendant in having to respond to discovery.  See Semitool, Inc., 208 F.R.D. at 276.  The Court therefore finds that there is no good cause for expedited discovery and **DENIES** Plaintiff's "Motion for Limited Discovery" [ECF No. 76].  See Larios Fernandez, 2021 WL 1400854, at *2 (denying plaintiff's motion for expedited discovery in a prisoner § 1983 action, where the plaintiff had not demonstrated that his suit could withstand a motion to dismiss, there was no pending motion for a preliminary injunction, the plaintiff requested discovery before a scheduling order was issued, and had not established that the requested information was relevant); Jewell v. Francis, Civil No. 10cv430 AJB, 2011 WL 455845, at *1 (S.D. Cal. Feb. 3, 2011) (denying plaintiff's motion for expedited discovery as "not warranted given the pending motion to dismiss" in a prisoner § 1983 action).

## IV.  CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's "Motion for Court Appointed Neutral Medical Expert 'Gastroenterologist'" [ECF No. 72] and "Motion for Limited Discovery" [ECF No. 76].

**IT IS SO ORDERED.**

Dated:  March 30, 2023

_____
Honorable Lupe Rodriguez, Jr.
United States Magistrate Judge