UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALLEN,<br><br>                    Plaintiff,<br><br>v.<br><br>DIAZ, et al.,<br><br>                    Defendant. | Case No.: 20-CV-1389 JLS (MDD)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND DETERMINING THAT IN FORMA PAUPERIS STATUS SHOULD CONTINUE ON APPEAL**<br><br>(ECF Nos. 95, 100) |

Presently before the Court is Plaintiff-Appellant Michael Allen's Objection to Order Granting Defendant['s] Motion to Dismiss Third Amended Complaint on Defendant Theresa Currier ("Obj.," ECF Nos. 95), which the Court, in its discretion, liberally construes as a motion for reconsideration. Also before the Court is the Ninth Circuit Court of Appeals' Referral Notice ("Referral," ECF No. 100) requesting that this Court determine whether *in forma pauperis* ("IFP") status should continue for Plaintiff-Appellant. For the reasons provided below, the Court **DENIES** Plaintiff-Appellant's Motion for Reconsideration but **DETERMINES** that IFP status should not be revoked.

/ / /

/ / /

# BACKGROUND

The Court incorporates the thorough recitation of this action's factual and procedural background provided in its July 24, 2023 Order ("the Order"), *see* ECF No. 95 at 2–6, and sets forth below only those facts relevant to the instant motion.

On January 23, 2023, Defendant moved to dismiss Plaintiff-Appellant's Third Amendment Complaint (the "TAC"). *See* ECF No. 69. Following full briefing, this Court issued an Order granting Defendant's motion and dismissing Plaintiff-Appellant's TAC with prejudice. *See generally* Order. The Court found that Plaintiff-Appellant failed to state either an Eighth Amendment deliberate indifference claim or a claim for retaliation in violation of the First Amendment. *See generally id.* Finding that further amendment would be futile, the Court denied Plaintiff-Appellant leave to amend. *See id.* at 19–20.

Plaintiff-Appellant then filed his Motion for Reconsideration and a Notice of Appeal (ECF No. 96). The Referral from the Ninth Circuit Court of Appeals followed.

# MOTION FOR RECONSIDERATION

## I. Jurisdiction

Whether the Court has jurisdiction to rule on the merits of Plaintiff-Appellant's Motion is uncertain because he also filed a Notice of Appeal. "Once a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed." *Nat. Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam); *McClatchy Newspapers v. Cent. Valley Typographical Union No. 46*, 686 F.2d 731, 734 (9th Cir. 1982)). A notice of appeal does not divest the district court of jurisdiction, however, when "there was then a pending motion for reconsideration." *United Nat. Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1109 (9th Cir. 2001) (citing Fed. R. App. P. 4(a)(4)(B)(i)).

Here, Plaintiff-Appellant filed his Motion and Notice of Appeal on the same day, though the Motion was docketed first. "There is no clear authority regarding the jurisdiction of the district court to entertain a motion for reconsideration that is filed

simultaneously with a notice of appeal." *Woodruff v. De Facto Barrett Daffin Frappier Treder & Weiss, LLP*, No. 21-CV-06862, 2022 WL 2390994, at *1 (N.D. Cal. July 1, 2022), *aff'd sub nom. Woodruff v. Barrett Daffin Frappier Treder & Weiss, LLP*, No. 22-15926, 2023 WL 4703172 (9th Cir. July 24, 2023).  In the interest of judicial economy, however, the Court shall address the merits of Plaintiff-Appellant's Motion.

## II.  Legal Standard

In the Southern District of California, a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part." S.D. Cal. CivLR 7.1(i)(1). The moving party must provide an affidavit setting forth, *inter alia*, "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id.*  "In resolving motions for reconsideration, courts often look to the standard for relief from final judgment set forth in Federal Rules of Civil Procedure 59(e) and 60(b), which apply to motions for reconsideration of final appealable orders and relief from judgment." *Evanston Ins. Co. v. Venture Point, LLC*, No. 220CV01783KJDEJY, 2021 WL 5500486, at *1 (D. Nev. Nov. 23, 2021).

"A district court may grant a Rule 59(e) motion if it 'is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (internal quotations and emphasis omitted) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc)).  On the other hand, relief from a "final judgment, order, or proceeding" may be granted under Rule 60(b) in the case of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; or (3) fraud; or if (4) the judgment is void; (5) the judgment has been satisfied; or (6) for any other reason justifying relief. Fed. R. Civ. P. 60(b).  Rule 60(b) provides for "extraordinary relief and may be invoked only upon a showing of "exceptional circumstances." *Engleson v. Burlington N.R. Co.*, 972 F.2d 1038, 1044 (9th Cir. 1994) (quoting *Ben Sager Chem. Int'l, Inc. v. E. Targosz & Co.*, 560 F.2d 805, 809 (9th Cir. 1977)).

## III.  Analysis

Plaintiff-Appellant asks the Court to revisit its Order on two principal grounds.  As explained below, neither entitles him to relief.

First, Plaintiff-Appellant appears to argue for reconsideration on the basis of fraud.  Plaintiff-Appellant points to a page of Defendant's medical progress notes, which was previously provided to the Court as an exhibit attached to Plaintiff's TAC.  *See* ECF No. 66-2 at 2.  On that document, Defendant wrote that there was "no evidence" of Plaintiff-Appellant having Crohn's disease.  *Id.*  Plaintiff-Appellant contends that the TAC should not have been dismissed because, he alleges, Defendant's statement was a lie.  *See* Obj. at 1.  In reaching this conclusion, Plaintiff-Appellant relies on the doctrine of unclean hands.  *See id.*

Plaintiff-Appellant's fraud argument cannot succeed.  Not only is the doctrine of unclean hands not relevant here,[1] but Plaintiff-Appellant's claim also fails under Rule 60(b).  To prevail on a motion for relief from judgment based on fraud under Rule 60(b)(3), a moving party must "prove by clear and convincing evidence that the verdict was obtained through fraud . . . and the conduct complained of prevented the losing party from fully and fairly presenting the defense." *De Saracho v. Custom Food Machinery, Inc.*, 206 F.3d 874, 880 (9th Cir. 2000).  Rule 60(b)(3) aims "at judgments which were unfairly obtained, not at those which are factually incorrect." *Id.* (quoting *In re M/V Peacock*, 809 F.2d 1403, 1405 (9th Cir. 1987)).  Plaintiff-Appellant's Motion, however, does not argue that Defendant committed any misconduct during litigation or that Plaintiff-Appellant was prevented from presenting his case.  Indeed, Plaintiff-Appellant himself provided the allegedly false records to the Court.  *See* ECF No. 66-2 at 2.  The Court therefore declines to reconsider its Order on this basis.

---

[1] The doctrine of unclean hands can either, due to prior misconduct, bar a *plaintiff* from relief or bar a *defendant* from raising an equitable defense.  *See Seller Agency Council, Inc. v. Kennedy Ctr. for Real Est. Educ., Inc.*, 621 F.3d 981, 986 (9th Cir. 2010).  Defendant did not base her Motion to Dismiss on any equitable defenses, *see generally* ECF No. 69, so this doctrine is of no use to Plaintiff in his Motion for Reconsideration.

The crux of Plaintiff-Appellant's remaining claim is that the Court did not "accept as true and draw reasonable inferences from" the factual allegations included in the TAC as required under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *See* Obj. at 4. Plaintiff-Appellant is of course correct that, generally, "a judge must accept as true all of the factual allegations contained in the complaint," when ruling on a defendant's motion to dismiss. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But, as the Court explained in the Order, the TAC contains multiple legal conclusions devoid of factual support and allegations contradicted by exhibits, none of which must the Court accept as true. *See Iqbal*, 556 U.S. at 678; *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *opinion amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001). Plaintiff-Appellant fails to explain why the Court should revisit its evaluation of any particular allegation in the TAC. Nor does he identify new evidence, a change in law, or any other possible justification for relief from the Order. Plaintiff-Appellant's second argument is thus no more successful than his first.

A motion for reconsideration cannot be granted merely because Plaintiff-Appellant is unhappy with the judgment, frustrated by the Court's application of the facts to binding precedent, or because he disagrees with the ultimate decision. *See* 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2810.1 (3d ed.) ("[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly."). A party seeking reconsideration must show "more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001).

## REFERRAL NOTICE REGARDING IFP STATUS

A litigant who was previously permitted to proceed IFP may maintain such status on appeal unless the district court certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed IFP. See Fed. R. App. P. 24(a)(3)(A). Similarly, 28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken [IFP] if the trial court certifies in writing that it is not taken in good faith." For purposes of § 1915, an

appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (stating that an indigent appellant is permitted to proceed IFP on appeal only if the appeal would not be frivolous). "If at least one issue or claim is found to be non-frivolous, leave to proceed [IFP] on appeal must be granted for the case as a whole." *Hooker v. Am. Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002).

Courts reviewing similar referrals from the Ninth Circuit often revoke IFP status when a plaintiff's claim faces an obstacle that simply cannot be overcome. *See, e.g., Hill v. Garrison,* No. C22-5451, 2022 WL 16857397, at *1 (W.D. Wash. Oct. 20, 2022) (revoking IFP status when the statute of limitations had expired); *McGlown v. United States Dep't of Com.*, No. 2:23-CV-00049, 2023 WL 3510582, at *2 (W.D. Wash. Apr. 20, 2023) (finding appeal frivolous because the complaint was "unclear" and "difficult to parse"). But here Plaintiff-Appellant seeks appellate review in part because he disagrees with this Court's application of the law to the allegations listed in the TAC. *See* ECF No. 96 at 1. The Court thus does not find Plaintiff to be frivolous for the purposes of 28 U.S.C. § 1915(a)(3). *See Thompson v. Sosa,* No. 03CV1726, 2006 WL 8446319, at *1 (S.D. Cal. June 21, 2006).

## CONCLUSION

In light of the foregoing, the Court **DENIES** Plaintiff's Motion for Reconsideration (ECF No. 95) and **DETERMINES** that Plaintiff-Appellant's IFP status should not be revoked during his appeal.

**IT IS SO ORDERED.**

Dated: September 5, 2023

Hon. Janis L. Sammartino
United States District Judge